UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MARCEL ROUIN,

                           Plaintiff,
   v.                                                 **DECISION AND ORDER**
                                                                     14-CV-442S

PATRICK R. DONAHOE, SANDRA BERGER,

                           Defendants.

1.    On June 9, 2014, Plaintiff, a United States Postal Service employee, commenced the present action challenging the rejection of his retaliation claim by the Equal Employment Opportunity Commission ("EEOC").  On December 22, 2014, Plaintiff, proceeding *pro se*, simultaneously filed an "amended" complaint in this action consisting of a preprinted civil complaint form, and also commenced a second identical action[1] (14-CV-1082S) by completing this Court's preprinted employment discrimination complaint form. (Docket 442 No. 3; Docket 1082 No. 1.) On the discrimination complaint, Plaintiff checked boxes indicating that he was commencing the action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA").  He also checked boxes indicating that he was alleging that Defendants harassed and retaliated against him, and that Defendants' discriminatory conduct was based on his age. (Docket 1082 No. 1 at 4.)  Despite the different complaint forms, Plaintiff submitted identical supporting statements in each case.

---

[1] Plaintiff filed the second action following the EEOC's issuance of a decision accepting on appeal the EEOC Administrative Judge's decision at issue in Plaintiff's first civil action.

2.	In March 2015, the Honorable Michael A. Telesca, United States District Judge, consolidated the two actions under the present case number, deeming the discrimination complaint in 14-CV-1082 to be a "Supplemental Complaint." (Docket 442 No. 4.) Judge Telesca further dismissed all claims against Defendant Berger on the ground that Plaintiff's "right to sue" letters, a prerequisite to each action, related only to claims against Defendant Donahoe, the Postmaster General. (Id.) Presently before this Court is Defendants' motion to dismiss any and all remaining claims in the consolidated complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket 442 No. 5.) Although due on or before May 26, 2015, Plaintiff has not filed any opposition to this motion.

3.	In considering a motion to dismiss for failure to state a claim pursuant to Rule 12 (b)(6), this Court must accept all factual allegations in the complaint as true and make all reasonable inferences in Plaintiff's favor. ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). In order to survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); ATSI Commc'ns, Inc., 493 F.3d at 98. Further, "[i]t is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.' " Triestman v. Federal Bur. of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)). This leniency, however, does not relieve a *pro se* plaintiff of the duty to satisfy basic pleading requirements. Vega v. Artus, 610 F. Supp. 2d 185, 196 (N.D.N.Y. 2009) (citing Prezzi v. Schelter, 469 F.2d 691, 692 (2d

Cir.1972), *cert denied* 411 U.S. 935, 93 S. Ct. 1911, 36 L. Ed. 2d 396 (1973)).

4.  Initially, this Court agrees with Defendants that, despite the checked boxes on the preprinted discrimination complaint, no disparate treatment or hostile work environment claim under either Title VII or ADEA has been stated. Indeed, based on Plaintiff's factual allegations, it does not appear to this Court that such claims were even intended. Instead, Plaintiff's statements and the underlying administrative decisions focus on a single claim of retaliation. Specifically, Plaintiff asserts that, in January 2013, he was suspended for seven days after returning late from his route without first notifying the office. (Docket 442 No. 1 at 8.) Plaintiff argues that, in retaliation for a previous EEOC complaint he filed, Defendants punished him more severely than other mail carriers for the same misconduct. (Docket 442 at 1, 4, 8.)

5.  Generally, to state a retaliation claim under Title VII or ADEA, a plaintiff must allege facts showing that: (1) he was engaged in protected activity under either of these Acts; (2) his employer was aware of this activity; (3) the employer took adverse action against the plaintiff; and (4) a causal connection existed between the protected activity and the adverse action, "i.e., that a retaliatory motive played a part in the adverse employment action." Kessler v. Westchester Cnty. Dep't of Soc. Servs., 461 F.3d 199, 205-6 (2d Cir. 2006) (citation omitted). Here, however, Plaintiff does not allege any facts in his statements regarding the protected activity that prompted this retaliation, such as when and to whom a discrimination complaint was originally made and whether it alleged discrimination under Title VII or ADEA. See Saidin v. N.Y.C. Dep't of Educ., 498 F. Supp. 2d 683, 688 (S.D.N.Y. 2007); see also Majeed v. ADF Companies, No. 11-CV-5459 SJF ETB, 2013 WL 654416, *11 (E.D.N.Y. Feb. 20, 2013), *appeal dismissed* (Oct. 23, 2013). As such, although the administrative judge found, without elaboration, that

Plaintiff could establish a prima facie case of retaliation, (Docket 442 No. 10), there are no specific facts alleged or disclosed from which this Court could reach the same conclusion. See generally Kremer v. Chem. Const. Corp., 456 U.S. 461, 469-70, 102 S. Ct. 1883, 1891, 72 L. Ed. 2d 262 (1982) (following administrative review, federal courts consider discrimination claims *de novo*). Further, if this Court were to rely on those factual statements in the administrative orders to which Plaintiff does not specifically object, then this Court would necessarily find that Plaintiff's discipline was more severe than that imposed on other employees because he had already been issued a letter of warning prior to the January 2013 misconduct. (See Docket 442 No. 1 at 9.) Thus, dismissal would still be warranted because, on its face, Plaintiff's complaint establishes a legitimate, non-retaliatory reason for Defendants' action.

6.  Finally, because Plaintiff has failed to either respond to Defendants' motion papers in accordance with this Court's scheduling order or request more time after receiving notice of such failure, granting leave to replead would be futile. (see Docket 442 No. 8 (Defendants' attorney declaration requesting their motion be granted due to Plaintiff's failure to respond).) Accordingly:

IT HEREBY IS ORDERED that Defendants' motion to dismiss (Docket 442 No. 5) is GRANTED and the Amended Complaint, as supplemented by the complaint originally filed in Docket 14-cv-1082, is DISMISSED as against all Defendants;

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: October 27, 2015
Buffalo, New York

                                      /s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                      United States District Judge